IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Frank Prude,                                             Case No. 3:09 CV 989

              Plaintiff,                      MEMORANDUM OPINION
                                        AND ORDER

   -vs-
                                        JUDGE JACK ZOUHARY

United States of America, et al.,

              Defendants.


*Pro se* Plaintiff Frank Prude filed a Complaint (Doc. No. 1) against the United States, United States Deputy Marshals Rodney Hartzell, Christpoher Hodge, and John Doe, and Lucas County Sheriff Bruce Birr.  Prude claims Defendants utilized excessive force to secure his arrest and seeks monetary damages.

Additionally, Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2).

## BACKGROUND

United States Deputy Marshals Hartzell, Hodge, and Doe went to a residence located at 1337 Avondale Avenue, Toledo, Ohio on May 10, 2007 to execute an arrest warrant for a person who is not a party to this case.  Prude states he answered the rear door of the residence and informed the Marshals he did not know the individual they were seeking.  He claims he turned to go into another room to obtain identification at the request of one of the Marshals when he was grabbed from behind while the officers forced their way into the house.  He contends Hodge held his arm while Hartzell choked him until he lost consciousness.  Prude states he was ordered to sit at the table while Hartzell telephoned his superiors.

Hodge obtained a warrant for Prude's arrest. In the accompanying Affidavit, Hodge stated Prude began yelling at the officers to leave and stepped out onto the porch. Hodge averred Prude cocked back his arm as though he was going to punch one of the Marshals. Hodge stated he grabbed Prude's arm and told him to stop fighting. He claimed Prude then grabbed him around the neck and began to choke him. The other Marshals intervened and secured Prude in handcuffs.

This Court's docket indicates Prude was taken into federal custody and arraigned that same day by United States Magistrate Judge Vernelis K. Armstrong. He was charged with assaulting a federal officer while in performance of his official duties. Prude pled guilty to the charge on January 15, 2008 and was sentenced to one year probation.

Prude asserts several claims in his Complaint. First, he indicates he is bringing suit against the United States under the Federal Torts Claims Act. In addition, Prude claims Defendants attempted to murder him, seized his property, and falsely imprisoned him in violation of his First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendment rights.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to § 1915(e).

A prisoner may not raise claims in a civil action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL

246401, at *1 (6th Cir. May 5, 1998). Prude alleges in the Complaint he was the choking victim during the altercation. He pled guilty, however, to being the aggressor and choking Hodge. He was convicted of this offense. He must therefore allege his conviction was declared invalid by a federal habeas corpus decision. He has not provided this argument and his claims must be dismissed.

## CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 13, 2009